THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>TURO INC., ANDRE HADDAD, ALEX BENN, MICHELLE FANG, JEFF PLATT, LUIS BERTUCA, ALI KEEGAN, and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [39] REPORT AND RECOMMENDATION, OVERRULING [43] OBJECTION, AND DENYING AS MOOT [40] MOTION TO CONTINUE AND [45] MOTION TO STRIKE**<br><br>Case No. 1:24-cv-140-DBB-JCB<br><br>District Judge David Barlow |

Before the court is United States Magistrate Judge Jared C. Bennet's Report and Recommendation.[1] It recommends granting Defendants' motion to compel arbitration and denying Plaintiff's motion to proceed in forma pauperis.[2] Plaintiff filed an untimely objection.[3] Defendant filed a motion to strike Plaintiff's objection for being untimely.[4] Plaintiff has also separately filed a Motion to Continue.[5] For the reasons stated below, the court overrules Plaintiff's objection, adopts the Report and Recommendation, denies as moot Defendant's motion to strike, denies as moot Plaintiff's motion to continue, and stays the proceedings pending arbitration.

---

[1] R. & R. ("R&R"), ECF No. 39, filed July 30, 2025.
[2] *Id.* at 13.
[3] Obj. to R. & R. ("Obj."), ECF No. 43, filed August 18, 2025.
[4] Mot. to Strike Pl.'s Obj. to R. & R., ECF No. 45, filed August 25, 2025.
[5] Mot. to Continue Based on New Evid. ("Motion to Continue"), ECF No. 40, filed August 2, 2025.

## BACKGROUND

Plaintiff is a blind individual suing Turo over the permanent suspension of his account on Turo's web platform.[6] Defendants have moved to compel arbitration under the terms and conditions Plaintiff agreed to when creating his account.[7] Plaintiff objects that the terms and conditions are not accessible to blind individuals, such as himself, and are thus unenforceable against him.[8] On July 30, 2025, the magistrate judge issued a report recommending that the court grant Defendant's motion to compel arbitration and stay proceedings and deny Plaintiff's motion to proceed in forma pauperis.[9] Plaintiff filed an untimely objection.[10]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[11] To be timely, an objection must be filed within 14 days of the service of the report and recommendations.[12] Further, for a timely objection to trigger de novo review, an objection must adequately specify the factual and legal issues in dispute.[13] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[14] This court "reviews unobjected-to portions of a report and recommendation for clear error."[15] To overturn a decision as clearly erroneous, the court must be left with a "definite and

---

[6] Compl., ECF No. 1, filed August 19, 2024.
[7] Mot. to Compel Arbitration and Stay Proceedings ("Mot."), ECF. No 28, filed November 12, 2024.
[8] Mem. in Opp. re Mot. to Compel Arbitration and Stay Proceedings, ECF No. 29, filed November 15, 2024; *see also* Mem. in Opp. No. 2, ECF No. 32, filed December 3, 2024; Mem. in Opp. No. 3, ECF No. 34, filed December 9, 2024.
[9] R&R 13.
[10] Obj.
[11] Fed. R. Civ. P. 72(b)(3).
[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[13] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[14] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[15] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend.

2

firm conviction that a mistake has been committed."[16] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[17]

## DISCUSSION

The magistrate judge first recommends granting Defendants' motion to compel arbitration and stay proceedings. The report finds that, under the terms of the agreement and the Federal Arbitration Act, (1) the claim's arbitrability should be determined by the arbiter and (2) whether there is an enforceable contract should also be determined by the arbiter.[18] Second, the magistrate judge recommends denying plaintiff's motion to proceed in forma pauperis, noting that Mr. Crossett has already paid the filing fee and that Mr. Crossett's income, together with his spouse's income, exceeds the limit to proceed in forma pauperis.[19]

Plaintiff's objections were not timely, as they were filed 17 days after service of the Report and Recommendation.[20] Therefore, the Report and Recommendation is reviewed for clear error. The magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendations.

---

("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[16] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[17] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah 2020) (cleaned up).
[18] R&R 6–11.
[19] *Id.* at 11–13.
[20] Obj. And even if the Court considered the Plaintiff's objections, the objections did not adequately specify the factual and legal issues in dispute. *See 2121 E. 30th St.*, 73 F.3d at 1060. Instead, Plaintiff made generalized arguments with no citations to legal support. Obj. 1–2.

Further, having adopted the Report and Recommendation and stayed the case, the Defendant's motion to strike Plaintiff's untimely objection and the Plaintiff's motion to continue are now moot.[21]

**ORDER**

For the reasons stated above, the court:

1. OVERRULES Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation.[22]

2. ADOPTS the Report and Recommendation.[23]

3. DENIES as MOOT Plaintiff's Motion to Continue Based on New Evidence.[24]

4. DENIES as MOOT Defendant's Motion to Strike Plaintiff's Objections to Report and Recommendation as Untimely.[25]

The court further orders the parties to file a status report immediately after arbitration is completed or every 90 days from the date of this order updating the court on the arbitration proceedings.

Signed August 27, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[21] The Court also notes the Plaintiff's motion to continue seems to have no bearing on the case at hand. At this point in the case, there is no evidence that the court needs to consider—photographic, testimonial, or digital—and there is no scheduled hearing to be continued. Additionally, it appears that the motion may have been intended for another case, as it complains of "substandard living conditions." *See* Motion to Continue 1.
[22] ECF No. 43.
[23] ECF No. 39.
[24] ECF No. 40.
[25] ECF No. 45.