# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **DAVID D. CROSSETT,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TURO INC., ANDRE HADDAD, ALEX BENN, MICHELLE FANG, JEFF PLATT, LUIS BERTUCA, ALI KEEGAN, and DOES 1-10,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:24-cv-00140-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff David D. Crossett ("Mr. Crossett") filed this lawsuit against Defendants Turo Inc. ("Turo"), Andre Haddad, Alex Benn, Michelle Fang, Jeff Platt, Luis Bertuca, and Ali Keegan (collectively, "Defendants").[2] The crux of Mr. Crossett's complaint appears to be that Turo "[a]rbitrarily and capriciously . . . terminated [his Turo] account permanently" and "accused [him] of breaking rules stated in an inaccessible contract," which "resulted in a lifetime loss of income for Mr. Crossett."[3] Mr. Crossett alleges that the contract was "inaccessible" because he is

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 51.

[2] ECF No. 1.

[3] *Id*. at 4.

blind, and "Turo had no required . . . accommodation [under the Americans with Disabilities Act] available for him to read the contract."[4]

In response to Mr. Crossett's complaint, Defendants filed a motion to compel arbitration and stay proceedings.[5] Defendants contended that an Agreement to Arbitrate contained in Turo's Terms of Service ("Terms") required that Mr. Crossett's claims be arbitrated and that this case be stayed pending completion of the arbitration. Mr. Crossett opposed Defendants' motion, arguing only that the Terms are "void due to a lack of mutual agreement" because he was unable to access the Terms for the same reasons stated above.[6]

This court issued a Report and Recommendation on, among other things, Defendants' motion to compel arbitration and stay proceedings, in which this court recommended granting Defendants' motion because: (1) the issue of the arbitrability of Mr. Crossett's claims is reserved to the arbitrator; and (2) the issue whether there was an enforceable contract between Mr. Crossett and Turo is likewise reserved to the arbitrator.[7] Judge Barlow subsequently issued a Memorandum Decision and Order adopting this court's recommendation, staying this case pending completion of arbitration, and requiring the parties to submit a status report concerning the arbitration proceedings immediately after the completion of arbitration or every 90 days from the date of the Memorandum Decision and Order.[8]

---

[4] *Id.*

[5] ECF No. 28.

[6] ECF No. 29 at 1.

[7] ECF No. 39.

[8] ECF No. 46.

Defendants filed the first required status report within the required 90-day timeframe.[9] Defendants asserted that although there had been various communications between the parties, as well as with the American Arbitration Association ("AAA"), Defendants were unaware of Mr. Crossett taking any action to initiate arbitration.

Mr. Crossett then moved for a lift of the stay and for an order declaring the Agreement to Arbitrate in the Terms unenforceable.[10] Defendants opposed Mr. Crossett's motion, arguing that it should be denied as an improper request to reconsider the court's prior rulings.[11] Mr. Crossett did not reply.

Defendants later filed the second required status report.[12] Defendants indicated that Mr. Crossett had contacted Defendants about engaging in settlement discussions but had still not initiated arbitration by filing a demand with the AAA.

Defendants then filed the third required status report.[13] Defendants asserted that although Mr. Crossett had taken various steps to initiate arbitration, it remained unclear if he had complied with the AAA's filing requirements or was willing to proceed under AAA rules.

### ANALYSIS

The court denies Mr. Crossett's motion for a lift of the stay and for an order declaring the Agreement to Arbitrate in the Terms unenforceable because his underlying argument is nothing more than an unavailing motion to reconsider. "[D]istrict courts generally remain free to

---

[9] ECF No. 47.

[10] ECF No. 48.

[11] ECF No. 50.

[12] ECF No. 52.

[13] ECF No. 53.

reconsider their earlier interlocutory orders."[14] "[T]he court has broad discretion in how it considers a motion for reconsideration of an interlocutory order."[15]

> "In short, a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether."[16]

As he did when responding to Defendants' motion to compel arbitration and stay proceedings, Mr. Crossett argues that because he "could not read or access" the Terms, including the Agreement to Arbitrate, he "never consented to arbitration."[17] However, the court has already concluded that the arbitrator, not the court, must decide whether there was an enforceable contract between Mr. Crossett and Turo.[18] Further, the court has determined that Mr. Crossett's purported inability to access the Terms does not alter the conclusion that the arbitrator must decide the issue of enforceability of the Terms.[19] Mr. Crossett's argument fails to provide any basis for the court to reconsider those rulings. Instead, it appears that Mr. Crossett simply

---

[14] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

[15] *Sunwest Bank v. Gannett Co, Inc.*, No. 2:24-CV-00876-DBB-JCB, 2026 WL 1243328, at *2 (D. Utah May 6, 2026).

[16] *Id.* (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015)).

[17] ECF No. 48 at 1.

[18] ECF No. 39 at 10-11; ECF No. 46 at 3.

[19] ECF No. 39 at 11.

disagrees with the court's decision, which is an insufficient basis for reconsideration.[20] Thus, the court denies Mr. Crossett's motion.[21]

## ORDER

For the reasons stated above, Mr. Crossett's motion for a lift of the stay and for an order declaring the Agreement to Arbitrate in the Terms unenforceable[22] is DENIED.

IT IS SO ORDERED.

DATED this 29th day of May 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[20] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (providing that a motion to reconsider is an "inappropriate vehicle[]" "to revisit issues already addressed"); *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation modified)); *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

[21] In addition to arguing that the Agreement to Arbitrate in the Terms is unenforceable, Mr. Crossett argues that he should not be required to engage in arbitration for two reasons. First, Mr. Crossett maintains that arbitration is inaccessible and discriminatory to him because "[a]rbitration venues provide no guaranteed accommodations for individuals with disabilities." ECF No. 48 at 2. Second, Mr. Crossett contends that he "cannot afford arbitration fees" and is "unable to navigate arbitration procedures due to both visual disability and lack of accessible instruction or support from arbitration forums." *Id*. Mr. Crossett offers only conclusory allegations to support those arguments and fails to provide any authority showing that his arguments compel the conclusion that he should not be required to engage in arbitration. Therefore, Mr. Crossett's arguments fail.

[22] ECF No. 48.